UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 06-51617-PJS

**MARK RAYMOND ZAPORSKI,**  Chapter 7

    Debtor.  HON. PHILLIP J. SHEFFERLY

_____/

## MOTION TO DISMISS CHAPTER 7 CASE
## PURSUANT TO 11 U.S.C. § 707(b)(2) AND/OR § 707(b)(3)

Saul Eisen, the United States Trustee, respectfully requests that this Honorable Court enter an Order dismissing this Chapter 7 case pursuant to 11 U.S.C. § 707(b)(2) and/or § 707 (b)(3). In support of this Motion, the United States Trustee alleges as follows:

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. § 707(b)(2).

2. Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code on August 24, 2006.

3. The § 341 meeting of creditors was held and concluded on October 18, 2006.

4. The Debtor's obligations are primarily consumer debts. The Debtor's nonpriority unsecured debt totals $103,240.

5. Pursuant to 11 U.S.C. § 704(b)(1)(a), the U.S. Trustee reviewed the materials filed by the Debtor. On October 19, 2006, the U.S. Trustee filed a Statement of Presumed Abuse ("10-Day Statement").

6. This Motion is filed within 30 days of the 10-Day Statement and is timely.

**The Legal Standard Under 11 U.S.C. § 707(b)(2)**

7. In pertinent part, 11 U.S.C. § 707(b)(1) provides for dismissal (or, with the debtor's consent, conversion) of a chapter 7 case if the Court "finds that the granting of relief would be an abuse of the provisions of this chapter. In turn, § 707(b)(2)(A)(I) provides in pertinent part that the Court shall presume abuse exists if:

> the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of –
>
> 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or $10,000.

The standard and actual expenses which a debtor may claim are detailed in § 707(b)(2)(A)(ii), (iii), and (iv).

8. In practical terms, the statute presumes that a debtor's chapter 7 filing is abusive if after deducting all allowable expenses from a debtor's income, the debtor has monthly net disposable income of at least $166.67 (which totals more than $10,000 over 60 months), or if the net monthly income is greater than $100 but less than $166.67 and totals 25% of the debtor's unsecured non-priority debts when multiplied by 60 months.

9. If the presumption arises, a debtor may only rebut that presumption by demonstrating special circumstances, such as a serious medical condition or call or order to active duty in the armed forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(I).

**Presumed Abuse Pursuant to 11 U.S.C. § 707(b)(2) - Argument**

10. The Debtor's gross monthly income during the six month period prior to filing was $6,136. The Debtor's household income annualized is $73,632, which is above the applicable state

median for a household size of one individual. The Debtor, therefore, completed the remaining portions of the Form B22A.

11. The Debtor's monthly disposable income is $24.08. See the Amended Statement of Current Monthly Income and Means Test Calculation Form B22A, line 50, as filed by the Debtor.

12. The Debtor claims deductions of $471 and $332, respectively, on Lines 23 and 24 for *transportation ownership/lease expense* for two vehicles. Since the Debtor is the only driver in the household, he is only entitled to claim deductions for one vehicle. Further, since the Debtor has no payment or lease expense on these vehicles, he is not entitled to the *ownership* deductions. Instead, he is entitled to an additional aged vehicle *operating expense* of $200.

> Ownership Expenses — Expenses are allowed for purchase and/or lease of a vehicle, with different rates established for a first car and, if allowed, a second or more cars.
>
> Taxpayers will be allowed the local standard or the amount actually paid, whichever is less. **Generally, auto loan and/or lease payments will not continue as allowed expenses after the terms of the loan/lease have been satisfied**. However, depending on the age and/or condition of the vehicle, the complete disallowance of the ownership expense may result in a transportation expense allowance that does not adequately meet the necessary expenses of the taxpayer.
>
> Therefore, in situations where the taxpayer owns a vehicle that is currently over six years old and/or has reported mileage of 75,000 miles or more, **an additional operating expense of $200 will generally be allowed** for the collection period that remains after the loan/lease has been "retired" plus the operating expense. Internal Revenue Service Manual, 5.8.5.5.2 (09-01-2005)(emphasis added).

13. The adjusted deductions for transportation expenses are $673 for Line 22 *operation expenses* and $0 for Lines 23 and 24 *ownership expenses*.

3

14. The above adjustments result in monthly disposable income of $627.08, which triggers the presumption of abuse.

15. The Debtor has not presented sufficient special circumstances to rebut the presumption of abuse.

**The Legal Standard Under 11 U.S.C. § 707(b)(3)**

16. In the event this Court finds that the presumption of abuse does not arise under § 707(b)(2) or is rebutted, this case should still be dismissed under § 707(b)(3)(B) because the totality of the circumstances of the Debtor's financial situation, evidenced by his actual net income less actual expenses, demonstrates abuse because the Debtor have an ability to pay his creditors.

17. Section 707(b)(3) provides:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -
>
> > (B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

18. The BAPCPA thus replaces dismissal based upon "substantial abuse" under pre-BAPCPA § 707(b) with a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. *See, e.g., In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy"). The Court, however, stated that:

> Among the factors to be considered in deciding whether a debtor is needy is his ability to repay his debts out of future earnings. That factor alone may be sufficient to <u>warrant dismissal</u>. For example, a court would not be justified in concluding that

4

      a debtor is needy and worthy of discharge, where his disposable income permits
      liquidation of his consumer debts with relative ease.

*Id* at 126 (citations omitted)(emphasis added). Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

19. The U.S. Trustee also asserts that the granting of relief to this Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

20. The Debtor has gross income, according to Schedule I, of $6,101.33 per month, or $73,215.96 annualized.

21. The Debtor's gross monthly income is reduced by a 401k contribution in the amount of $346.67, which should be considered as disposable income.

22. The Debtor's gross monthly income is further reduced by a 401k loan repayment in the amount of $320.67, which also should be considered as disposable income.

23. The Debtor's scheduled net monthly income is $3,524.07.

24. Debtor's scheduled monthly expenses, according to Schedule J, are $3,458.

25. The Debtor has scheduled disposable income in the amount of $66.07 per month.

26. Taking into account the Debtor's 401k loan repayment and contributions, it appears the Debtor has significant disposable income with which to fund a chapter 13 plan. The Debtor is not needy of chapter 7 relief, and the totality of the financial circumstances of the Debtor warrant dismissal of his case.

Therefore, it is the position of the United States Trustee that the granting of a Chapter 7 discharge in this case would be an abuse of the provisions of Chapter 7 of Title 11. The United

States Trustee respectfully requests that this Honorable Court dismiss this case pursuant to 11 U.S.C. § 707(b)(2) or § 707(b)(3) and for other relief that the Court deems just and proper.

                **SAUL EISEN**
                **UNITED STATES TRUSTEE**
                Ohio/Michigan Region 9

      By: /s/ Jill M. Gies (P56345)
         Jill.Gies@usdoj.gov
         Trial Attorney
         Office of the U.S. Trustee
         211 West Fort Street - Suite 700
         Detroit, Michigan 48226
         313.226.7913

Dated: November 6, 2006

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 06-51617-PJS

**MARK RAYMOND ZAPORSKI,**           Chapter 7

    Debtor.                                    HON. PHILLIP J. SHEFFERLY
_____/

**ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS
CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)(2) AND/OR § 707(b)(3)**

THIS MATTER came before the Court upon the Motion of the United States Trustee for an order dismissing the above captioned case under the provisions of § 707(b)(2) and/or § 707(b)(3) of the Bankruptcy Code.

The Court, having considered the pleadings filed herein, no objection to the motion having been filed,

**IT IS ORDERED** that above captioned case shall be and the same is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 06-51617-PJS

**MARK RAYMOND ZAPORSKI,**  Chapter 7

    Debtor.  HON. PHILLIP J. SHEFFERLY
_____/

## NOTICE OF MOTION BY THE UNITED STATES TRUSTEE TO DISMISS CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 707(b)(2) AND/OR § 707(b)(3)

The Office of the United States Trustee has filed papers with the court to dismiss the above entitled case pursuant to 11 U.S.C. § 707(b)(2) and/or § 707(b)(3).

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.)

If you do not want the court to dismiss the case, or if you want the court to consider your views on the motion, **within 15 days**, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

    United States Bankruptcy Court
    211 West Fort Street
    Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:    Jill M. Gies, Esq.
    Office of the United States Trustee
    211 West Fort Street, Suite 700
    Detroit, MI 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

    **SAUL EISEN**
    **UNITED STATES TRUSTEE**
    Ohio/Michigan Region 9

    By:  /s/ Jill M. Gies (P56345)
    Jill.Gies@usdoj.gov
    Trial Attorney
    Office of the U.S. Trustee
    211 West Fort Street - Suite 700
    Detroit, Michigan 48226
    313.226.7913

Dated: November 6, 2006

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 06-51617-PJS

**MARK RAYMOND ZAPORSKI,**  Chapter 7

    Debtor.  HON. PHILLIP J. SHEFFERLY
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2006, I served copies as follows:

1. Documents Served: *Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C.§ 707(b)(2) and/or § 707(b)(3), Notice of Motion* and *Certificate of Service.*

2. Served Upon: Mark Raymond Zaporski
P.O. Box 1117
Walled Lake, MI 48390

3. Method of Service: First Class Mail

        **SAUL EISEN**
        **UNITED STATES TRUSTEE**
        Ohio/Michigan Region 9

By: /s/ Karen Riggs
Karen.Riggs@usdoj.gov
Paralegal Specialist
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
313.226.7259

Dated: November 7, 2006